**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF COLUMBIA**
**AT CAPE GIRARDEAU**

| | | |
|---|---|---|
| **STATE OF MISSOURI, ex rel. Chris Koster,** | ) | |
| **and the MISSOURI DEPARTMENT OF** | ) | |
| **NATURAL RESOURCES, MISSOURI STATE** | ) | |
| **EMERGENCY MANAGEMENT AGENCY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No. 11-CV-00067-SNLJ** |
| | ) | |
| **UNITED STATES ARMY CORPS OF** | ) | |
| **ENGINEERS, MAJOR GENERAL MICHAEL** | ) | |
| **J. WALSH, COLONEL VERNIE L.** | ) | |
| **REICHLING JR.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLEADING IN INTERVENTION**

NOW COMES the State of  Illinois, by the authority of LISA MADIGAN, the Attorney

General of the State of Illinois and submits this Pleading in support of its Motion to Intervene as

a defendant as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative,

for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(2), and states as

follows:

**I.      Introduction**

The purpose of the action filed by the State of Missouri against the Army Corps of

Engineers is to prevent the implementation by the latter of the Birds Points – New Madrid

Floodway Operations Plan. See Exhibit A to the Complaint. The objective of the Missouri action

is to protect the interests of that State and its residents.

The purpose of the intervention request by the State of Illinois is to support the Army Corps's implementation of the Floodway Operations Plan and our objective is to protect the interests of this State and its residents.

## II.    Jurisdiction and Standing

This Court has jurisdiction to hear this Motion to Intervene brought by the State of Illinois pursuant to Rule 24 of the Federal Rules of Civil Procedure.  This Court has jurisdiction over the subject matter of this action pursuant to 33 U.S.C. § 1323 and 5 U.S.C. § 703.

The State of Illinois has standing to intervene. The State of Illinois will suffer concrete and particularized injury if Plaintiff obtain the relief which they have requested in this action.  In *Bennett v. Spear*, 117 S. Ct. 1154 (1997), the Court set forth the following requirements for Article III standing:  The plaintiff must show that there is (1) an "injury in fact," an invasion of a judicially cognizable interest which is both concrete and particularized and actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. If the State of Illinois is allowed to intervene in this action, the injury is redressable. As stated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992), " a judgment preventing or requiring the action will redress it." The Plaintiffs seek relief which, if granted, would have serious consequences and ramifications for the State of Illinois and its citizens.

## III.    The State of Illinois is Entitled to Intervene as of Right

Federal Rule of Civil Procedure 24(a)(2) affords intervention of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or

impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  To merit consideration for intervention under Rule 24(a)(2), a movant must (1) file a timely application, (2) claiming an interest relating to the property or transaction which is the subject of the action, (3) with the movant so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, (4) unless the movant's interest is adequately represented by existing parties.  *See, e.g., Washington Electric v. Massachusetts Municipal Wholesale Electric*, 922 F.2d 92, 96 (2d Cir. 1990).

> **A.     The State of Illinois has Timely Applied for Intervention.**

Timeliness in seeking intervention is to be determined from all of the circumstances.  The present status of the case is only one factor for a court's consideration.  See *NAACP v. New York*, 413 U.S. 345, 356-66, 93 S. Ct. 2591, 2598-2603 (1973) (factors to consider include "(a) the length of time the intervenor knew or should have known of [his] original interest in the case; (b) the prejudice to the original parties resulting from intervenor's delay; (c) the prejudice, if any, to the intervenor if the motion is denied; and (d) any unusual circumstances.").

The length of time between the initiation of this action and this application for intervention is quite brief.  The original parties do not object to this intervention request.

> **B.     The State of Illinois Has an Interest in the Subject Matter of the Action.**

The State of Illinois claims a right to intervene because the interests at stake in the pending action include the public safety of numerous communities located within the State of Illinois and the legal obligations of the State of Illinois to protect the public safety. In particular, the State of Illinois reasonably relies upon the Army Corps to implement the Floodway Operations Plan and to

fulfill its operational responsibilities under federal law. According to the Floodway Operations

Plan, the intent is "that operations occur only as absolutely essential to provide the authorized

protection to all citizens." Exhibit A to Complaint. The challenge of the Army Corps is to protect

not just the citizens of Missouri but also the citizens of Illinois and other States.

Affidavits attached to this pleading and to the pleadings being filed by the Department of

Justice are herein incorporated by reference. The affiants include James Wilson, Director of the

Alexander County (Illinois) Housing Authority and Arlan Juhl, Director of the Office of Water

Resources, Illinois Department of Natural Resources. The affidavits show that at least five Illinois

counties (Alexander, Pulaski, Massac, Pope, and Hardin) will likely be severely impacted by

flooding unless the Army Corps is allowed to implement its Floodway Operations Plan.

**C.     The Interests of the State of Illinois Would, as a Practical Matter, be Impaired or Impeded by the Disposition of this Action.**

The State of Illinois is so situated in the performance of its duties in this regard that the

disposition of the action without its intervention may as a practical matter impair or impede its

ability to protect those interests.

**D.     The Interests of the State of Illinois are not Adequately Protected by Another Party**

The State of Illinois has interests that might not be adequately represented by the existing

parties.

**IV.     <u>Alternatively, the State of Illinois Should be Permitted to Intervene</u>**

Federal Rule of Civil Procedure 24(b)(2) affords permissive intervention "when an

applicant's claim or defense and the main action have a question of law or fact in common,"

especially where such claims have as grounds the exercise of regulatory authority.  The Court is

-4-

required to consider "whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  As the previous discussion demonstrates, intervention will not unduly delay or prejudice the adjudication of the main action.  The State of Illinois's claims and defenses clearly have common questions of law and fact with the main action.

WHEREFORE, Movant, People of the State of Illinois, respectfully requests that this Court allow the Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, pursuant to Federal Rule of Civil Procedure 24(b)(2).

Respectfully submitted,

PEOPLE OF THE STATE OF ILLINOIS,
*ex rel*. LISA MADIGAN,
Attorney General of the
State of Illinois

MATTHEW J. DUNN, Chief
THOMAS DAVIS, Chief
Environmental Enforcement/Asbestos
    Litigation Division

BY:   /s/ Rex L. Gradeless
      REX L. GRADELESS
      Assistant Attorney General

REX L. GRADELESS, MO62627
500 South Second Street
Springfield, Illinois 62706
217/782-7968

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | | |
|---|---|---|---|
| STATE OF MISSOURI | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. | 11-CV-00067-SNLJ |
| | ) | | |
| UNITED STATES ARMY CORPS | ) | | |
| OF ENGINEERS, | ) | | |
| | ) | | |
| | ) | | |
| Defendant. | ) | | |

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2011, I electronically filed the foregoing
Pleading in Intervention with the Clerk of Court using the CM/ECF system which will
send notification of such filing to the following:

Jessica L. Blome
Jessica.blome@ago.mo.gov

John K. McManus
Jack.McManus@ago.mo.gov

Nicholas P. Llewellyn
Nicholas.llewellyn@usdoj.gov

and I hereby certify that on April 28, 2011, I mailed by United States Postal Service,
the document to the following nonregistered participant:

None

Respectfully submitted,

By:____/s/Rex L. Gradeless_____
Rex L. Gradeless
Assistant Attorney General
Attorney for Defendant(s)
500 South Second Street
Springfield, IL  62706
Rgradeless@atg.state.il.us